IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SAFE STRUCTURE DESIGN, LLC, | ) Case No.: 3:24-CV-1008-MMH-MCR |
| | ) |
| Plaintiff | ) **MOTION TO DISMISS UNDER** |
| | ) **RULE 12(B)(2) BY JULIA** |
| vs. | ) **SHARIT** |
| | ) |
| WALTER BULLOCK, JULIA SHARIT, and TRACKS NORTH AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

COMES NOW the undesigned limited counsel for Julia Sharit and moves this Honorable Court for an order dismissing this case against Julia Sharit for lack of personal jurisdiction against Sharit in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure. In support, Sharit offers the following:

**RELEVANT FACTS ALLEGED**

As it relates to Julia Sharit, the Complaint in this case alleges that "SHARIT is an individual residing at . . . Prattville, Alabama 36067 who operates as an agent of BULLOCK, or otherwise serves in a

1

capacity to further the interests of BULLOCK." (Doc. 1, ¶ 22). The Complaint alleges that Sharit published a statement on LinkedIn that "Daniel Pose . . . was the object of a hostile takeover by Johnny Buscema at S.A.F.E. Structure Designs closing the company and access to the CSO award letter . . ." (Doc. 1, ¶ 80). The factual allegations include that Sharit falsely accused Buscema "to be a crook and tagged Mr. Buscema in the post" (Doc. 1, ¶ 80), and that she posted that "I wish Daniel Pose and Johnny Buscema had not taken $134,900 from us . . . If you are ever in the same room with johnny or Dan make sure you watch their hands." (Doc. 1, ¶ 81). The Complaint refers to Exhibits B and C (Docs. 1-3, 1-4).

## LEGAL ALLEGATION

The sole count attributable to Sharit in the Complaint is Count IV, which is labeled "Trade Libel." The count includes no further factual allegation. While the count itself does not state the source of law under which Plaintiff seeks redress, the Complaint alleges two potential sources of law under "Nature of Action": The Lanham Act (15 U.S.C. § 1125(a)) and the Florida Deceptive and Unfair Trade Practices Act (§ 501.201 et. seq. Fla. Stat.).

2

## ARGUMENT

"To establish personal jurisdiction over a nonresident defendant, a plaintiff 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" Catalyst Pharms., Inc. v. Fullerton, 748 F. App'x 944, 946 (11th Cir. 2018) *citing* Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013). In Catalyst Pharms., Inc. v. Fullerton, the Eleventh Circuit addressed personal jurisdiction over a party outside of the state of Florida who posted allegedly defamatory statements on an internet message board about a company and its executives who were inside the state of Florida. The Circuit held that "A party asserting jurisdiction in Florida over a nonresident defendant for a defamation claim must make a prima facie showing that the purported defamatory statements were not merely accessible to, but also *accessed by a third party in Florida*. Catalyst, 748 F. App'x at 947 *emphasis added*.[1] Importantly, Plaintiff fails to allege that anybody within the state of Florida accessed the

---

[1] Catalyst was a diversity case involving a defamation allegation under Florida law. Whether the case originates under diversity jurisdiction or federal question, though, the analysis remains the same. *See* Louis Vuitton Mallatier, S.A. v. Mosseri, 736 F.3d 1339 (11th Cir. 2013) (alleging federal trademark infringement).

statements allegedly posted by Sharit on LinkedIn. Exhibits B and C attached to the Complaint show screenshots of both the alleged statements. Only Exhibit C shows any comments on the posts by others. Those comments were posted by Gene Hawks, Thomas Lafferty, William Ketcham, and Richard Panko. Gene Hawks's LinkedIn page indicates that he is located in Lexington, South Carolina. (Ex. B, p. 1). Thomas Lafferty's LinkedIn page indicates that he is located in Virginia Beach, Virginia. (Ex. B, p. 2). William Ketcham is located in Windsor, Virginia, and Richard Panko works for U.S. Fleet Forces Command in Norfolk, Virginia. (Ex. B. pp. 3, 4).

In this case, the complained-of statements appear to have been posted 2 days and 3 weeks prior to the screen shots were taken (Docs. 1-3, 1-4, respectively). Those screenshots were filed along with the Complaint on September 27, 2024. on a social media page from Elmore County, Alabama. (Ex. A, Sharit Declaration). Sharit was not in the state of Florida between April and November, 2024. The post which is included in Plaintiff's Exhibit B (Doc. 1-3, p. 3) refers to having been

awarded a CSO letter in April. The post, therefore, was not made while Sharit was in the state of Florida.[2]

"The plaintiff is required to plead sufficient material facts to form a basis for in personam jurisdiction. Once the plaintiff meets this burden, the burden shifts to the defendant to challenge the plaintiff's complaint by affidavits or other pleading." Walack v. Worldwide Mach. Sales, Inc., 278 F. Supp. 2d 1358, 1364 (M.D. Fla. 2003). Here, Plaintiff has failed to make a sufficient allegation to establish personal jurisdiction. The query, therefore, should end there. To the extent the Court determines it must go further, this Court has recognized that,

> Determining whether the Court can exercise personal jurisdiction over a nonresident defendant requires a two-part analysis. First, a Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. If so, the Court must determine whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment.

---

[2] Sharit actually did not make the complained-of LinkedIn posts. Bullock's LinkedIn account had been hacked and shut down. He asked Sharit to create a new page for him to use. Sharit could only use her credentials to open a page. So, Sharit created a new page in her name— separate from her personal LinkedIn page—and gave Bullock the login credentials. (See Exs. A, C). Bullock actually made the posts.

Sehringer v. Big Lots, Inc., 532 F. Supp. 2d 1335, 1337–38 (M.D. Fla. 2007) *citing* Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir.1996).

## I.  Florida's Long-arm Statute

In applying Florida's long-arm statute, the Court is "bound to apply the Florida long-arm statute in the same way as would the Florida Supreme Court." Catalyst, 748 Fed. App'x at 948. The Eleventh Circuit has held that "were we to extend these rulings on trademark infringement to say that mere accessibility is enough to establish a prima facie case that defamation "occurred within" Florida under § 48.193(1)(a)(2), we would be at odds with the Florida Supreme Court's holding in Internet Solutions. Catalyst, 748 F. App'x at 947–48 *citing* Internet Solutions Corp. v. Marshall, 39 So.3d 1201 (Fla. 2010).

Just as in Catalyst, Sharit is alleged to be an out-of-state resident who posted content on the internet from outside the state of Florida, and there is no allegation or support for the contention that any third party inside the state of Florida actually accessed the statements. The Catalyst court affirmed the district court's dismissal of the action for lack of personal jurisdiction, and this Court should, therefore, follow the

6

Circuit's clear precedent and dismiss this action against Sharit for the same reason.

## II. Minimum Contacts

This court has recognized two tests relative to whether a defendant has minimum contacts with the forum state: the "effects test" and the "traditional test." *See* <u>Interstellar Productions, Inc. v. Bush</u>, 576 F. Supp. 3d 1106 (M.D. Fla. 2020)

### A. Effects Test

"The effects test applies in intentional tort claims, asking if the alleged misconduct was *aimed at the forum state* and *caused harm that the defendant should have anticipated would be suffered in the forum state*." <u>Interstellar</u>, 576 F. Supp. 3d at 1110. The Court recognized that " The defendant must have minimum contacts "with the forum State itself," not just "with persons who reside there." <u>Id</u>. *Citing* <u>Walden v. Fiore</u>, 134 S. Ct. 1115 (2014). Just as in the Interstellar case, Ms. Sharit had "no reason to believe [SAFE] would feel the 'brunt' [of the communication] in Florida." <u>Id</u>.

## B. Traditional Test

Under the traditional test, "Whether personal jurisdiction over a non-resident defendant comports with due process is a two-prong inquiry. First, the court must determine whether the non-resident defendant has purposefully established minimum contacts with the forum. Next the court determines whether the exercise of jurisdiction will offend 'traditional notions of fair play and substantial justice.'" Walack v. Worldwide Mach. Sales, Inc., 278 F. Supp. 2d 1358, 1367 (M.D. Fla. 2003) *citing* Francosteel Corp. v. M/V Charm, 19 F.3d 624, 627 (11th Cir.1994)

In order to establish the necessary minimum contacts with the applicable forum, Sharit's contacts with the state of Florida must:

> (1) be related to the plaintiff's cause of action or have given rise to it; (2) involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefit and protection of its laws; and (3) be such that the defendant should reasonably anticipate being haled [sp?] into court there.

Walack, 278 F. Supp. at 1367–68 *referring to* Vermeulen v. Renault U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir.1993).

Julia Sharit is sued in her individual capacity. Julia Sharit performed part-time administrative work for Walter Bullock. Julia Bullock lives in Alabama. She moved to Alabama from Georgia in or around 2010. Julia Sharit has a step-daughter who lives in Fort Walton Beach Florida whom she visits from time to time. As it relates to her work for Walter Bullock, her only contact with Florida was when she accompanied Walter Bullock to Panama City in April of 2024 where Bullock demonstrated one of his machines to Air Force Personnel at Hurlburt Field Air Force Base as part of the AFWERX Challenge. The event included a conference and a demonstration. AFWERX is a United States Air Force program to solicit and develop defense-related technology. Bullock had been selected as one of ten submissions to demonstrate his machine at the event. Sharit shuttled Bullock back and forth from the hotel to the conference and demonstration, but did not attend either. She was there to provide administrative support to Bullock if it was needed. It was not. Sharit spent her time at the hotel or on the beach, and only shuttled Bullock back and forth so that she would have access to a vehicle while Bullock was attending the event.

The demonstrations were not activities directed at Florida residents, but to the U.S. Air Force.

The U.S. Supreme Court has held that, "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. By requiring that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471–72, 105 S. Ct. 2174, 2181–82, (1985). The contact must be such that the party "purposefully directs [her] activities toward forum residents." Id.

Sharit's contacts fall short of the minimum here for two reasons. First, she did not individually "purposely avail" herself of the benefits of the forum jurisdiction such that she had "fair warning" of being subject to the jurisdiction because she was a mere administrative employee of Bullock and did not participate in any sales or demonstration activities in Florida. Second, the show to which she shuttled Bullock back and forth was not an "economic activity" directed at or intended for Florida residents. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105

10

S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) ("A State generally has a "manifest interest" in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors.")

The Burger King Court was clear that "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous, or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person,'" Burger King Corp., 471 U.S. at 475, 105 S. Ct. at 2183. *Internal citations omitted.* Sharit's contacts with Florida were just the sort of random, fortuitous, or attenuated contacts about which the Supreme Court wrote. Further, to the extent that Walter Bullock's activities at the demonstration did constitute minimum contacts, they were the unilateral acts of another party—Bullock.

## CONCLUSION

Plaintiff has failed to allege sufficient facts to establish personal jurisdiction over Julia Sharit individually. Specifically, they fail to allege that either of the complained-of internet posts were actually accessed by any third party in the state of Florida. Furthermore, Ms. Sharit does not have the minimum contacts with the state of Florida

necessary for the Court to exercise personal jurisdiction over her in this action. Her only contact related to this cause of action (although tenuously at best) was shuttling Walter Bullock back and forth from a hotel in Panama City to a demonstration and conference for Air Force personnel at Hurlburt Field Air Force Base.

WHEREFORE, the above premises considered, Sharit moves this Honorable Court to dismiss this case against her in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Wallace D. Mills
Wallace D. Mills
Ala. Bar 8747-I72W
Attorney for Julia Sharit

Wallace D. Mills, P.C.
621 South Hull St.
Montgomery, AL 36104
(334) 219-9111
mills@wallacemills.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2024, I electronically filed the foregoing with the Clerk of the court using the

portal and have served the undersigned by electronic mail at the following electronic mail addresses:

    Patricia M. Dodson
    Mitchell Ghaneie
    10151 Deerwood Park Blvd.
    Bldg. 300, Suite 300
    Jacksonville, FL 32256
    pdodson@lippes.com
    mghaneie@lippes.com

    Adam R. Smart
    Burr Foreman
    50 N. Laura St., Ste. 3000
    Jacksonville, FL 32202
    asmart@burr.com

                                        /s/ Wallace D. Mills
                                        OF COUNSEL